**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ALLEY CAT ALLIES, INCORPORATED,<br><br>        Plaintiff,<br><br>        v.<br><br>UNITED STATES NATIONAL PARK SERVICE, an agency of the U.S. Department of the Interior, JESSICA BOWRON, in her capacity as Comptroller, exercising the delegated authority of the Director of the U.S. National Park Service, DARRELL ECHOLS, in his capacity as the Acting Regional Director of the South Atlantic-Gulf region of the U.S. National Park Service, DOUG BURGUM, in his capacity as U.S. Secretary of the Interior, and MYRNA PALFREY, in her capacity as Superintendent of the San Juan National Historic Site,<br><br>        Defendants. | Case No. 1:24-cv-876-RDM |

**JOINT STATUS REPORT**

Pursuant to the Court's June 18, 2025 minute order, Plaintiff Alley Cat Allies, Inc. ("ACA") and Federal Defendants (together the "Parties") provide the following status report.

1.      On June 13, ACA filed its Amended Complaint for Declaratory and Injunctive Relief, ECF. No. 54.  On the same date, Save-A-Gato, Inc., represented by some of the same counsel as ACA, filed a new lawsuit asserting the same claims as those asserted by ACA in ACA's Amended Complaint.  *See Save-A-Gato, Inc. v. United States Nat'l Park Serv. et al.*, 25-cv-1873 (D.D.C. Filed June 13, 2025) ("*Save a Gato*"), ECF No. 1.[1]

2.      From Federal Defendants' perspective, the complaints in both cases assert a claim that the National Park Service's ("NPS") Free-Ranging Cat Management Plan at issue in this

---

[1] This Court has already accepted the instant case and the *Save a Gato* case as a related cases.

litigation is unlawful because "NPS lacks the power or authority to regulate the Paseo [El Morro], as the Paseo is outside of the San Juan National Historic Stie boundaries." *See, e.g.,* ECF No. 54 ¶ 147. This theory has not been asserted previously in this litigation, and as a result, Federal Defendants have not had time to investigate defenses to the claim, and further, the administrative record that previously was lodged in this case was not assembled considering this claim.

3. As a general matter, because the two cases assert the same claims, the Parties agree that for purposes of judicial efficiency and eliminating duplicative proceedings, the cases should be litigated on the same schedule and administrative record to the extent practicable.

4. Separately, the Parties are still conferring on consolidation of the cases. Plaintiffs intend to move the Court to consolidate the cases for all purposes. Federal Defendants have concerns that complete consolidation could result in prejudice to them. The Parties are continuing to confer on whether consolidation is appropriate, and if so, the nature of any such consolidation. Until that consolidation is complete, and the consolidation issue is resolved, the Parties believe it is premature to set a briefing schedule.

5. However, the Parties have reached agreement on a schedule for answering both Plaintiffs' complaints and for certification of administrative records and resolving any disputes thereto. Plaintiffs completed service of the *Save a Gato* complaint on June 24, 2025. Federal Defendants' presumptive answer deadline in the *Save a Gato* case is August 23, 2025. Because this date falls on a Saturday, Federal Defendants agree to answer the Complaint by August 22, 2025. The Parties agree that Federal Defendants' answer (or other responsive pleading) deadline in both cases should be aligned to this August 22, 2025 date in the *Save a Gato* case, and that the

2

administrative record deadlines in both cases should be based off of this August 22, 2025 answer date.

6.      The Parties therefore propose the following schedule govern the above captioned case and the *Save a Gato* case:

August 22, 2025:      Federal Defendants' Answer or Motion to Dismiss

September 22, 2025:   Federal Defendants lodge supplemental administrative record

October 6, 2025:      The Parties' stipulated supplement to the administrative record; Plaintiffs' Motion to supplement the administrative record; and/or Plaintiffs' objections to the administrative record.

7.      The Parties agree that a parallel schedule should be entered in *Save a Gato*.  As noted above, the Parties are continuing to discuss possible consolidation under Rule 42.  Once consolidation of the cases is resolved, either through stipulation or on motions practice in front of the Court, the parties will confer and move on a joint briefing schedule.

Wherefore, the Parties respectfully request that the Court enter a scheduling order consistent with their proposed schedule.  A proposed order is attached.

Respectfully submitted this 11th day of July 2025.

ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
Environment & Natural Resources Division

 */s/ Alexa V. Penalosa*
Alexa V. Penalosa (AZ Bar No. 038005)
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
Phone: (202) 305-0492
Email: alexa.penalosa@usdoj.gov

3

Romney S. Philpott (Colo. # 35112)
Senior Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th Street, 6th Floor—Suite 6000
Denver, CO 80305
Phone: (303) 844-1810
Email: romney.philpott@usdoj.gov

*Attorneys for Federal Defendants*


/s/ Paul M. Seby
Paul M. Seby (Pro hac vice)
Matthew K. Tieslau
(DC Bar No. CO00130)
Greenberg Traurig, LLP
1144 15th Street, Suite 3300
Denver, CO 80202
(303) 572-6500 telephone
(303) 572-6540 facsimile
sebyp@gtlaw.com
tieslaum@gtlaw.com

Eduardo S. Garcia, Esq.
(DC Bar No. 1028040)
STEIN SPERLING BENNETT
DE JONG DRISCOLL PC
1101 Wootton Parkway, Suite 700
Rockville, Maryland 20852
(301) 340-2020 (phone)
(301) 354-8326 (facsimile)
egarcia@steinsperling.com

*Attorneys for Plaintiff*
*Alley Cat Allies Incorporated*