IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALLEY CAT ALLIES INCORPORATED,<br><br>Plaintiff, and<br><br>SAVE-A-GATO, INCORPORATED,<br><br>Consolidated Plaintiff<br><br>v.<br><br>UNITED STATES NATIONAL PARK SERVICE, *et al*.,<br><br>Defendants. | Lead Case No. 1:24-cv-876-RDM<br>(consolidated Case No. 1:25-cv-1873-RDM) |

**DEFENDANTS' BRIEF IN SUPPORT OF RELATED-CASE DESIGNATION**

Federal Defendants filed a notice of related case indicating that newly filed *Alley Cat Allies Incorporated and Save-A-Gato, Inc. v. U.S. National Park Service, et al.*, Case No. 1:25-cv-4269-CKK (hereinafter *ACA II*), is related to an existing consolidated case, *Alley Cat Allies Incorporated and Save-A-Gato, Inc. v. U.S. National Park Service, et al.*, Case No. 1:24-cv-0876-RDM (*ACA I*).[1]  In particular, in both cases, Plaintiffs assert a nearly identical claim alleging that certain portions of the San Juan National Historic Site (the "Park"), namely those portions of the Park that lie outside of the "fortress walls" between the Castillo San Felipe Del Morro ("El Morro") in the northwest portion of the Park and the San Juan Gate in the

---

[1] *ACA I* was consolidated with *Save-A-Gato v. U.S. National Park Service,* Case No. 1:25-cv-1873 (D.D.C.) ("*SAG*").  Min. Order, *ACA I*, August 19, 2025.  The claims asserted in *SAG* are substantially identical to those in *ACA I*.  Compare *ACA I*, Dkt. No. 54, with *SAG*, Dkt. No. 1.  Moving forward, the Court has directed that all pleadings be filed only in *ACA I*.

1

southeastern portion of the Park, are not, in fact, owned by the United States, and are outside the management authority of the National Park Service ("Park Service").  As such, the two cases (1) relate to common property, and (2) involve common issues of fact—namely those facts underlying Plaintiffs' contention that the United States does not, in fact, own or have authority over those portions of the Park.  These circumstances indicate that the two cases should be deemed related under Local Civil Rule 40.5.

The Court has now ordered Defendants to provide a brief supporting their Notice of Related Case.  Min. Order, *ACA I,* Dec. 27, 2025.  As the Court noted in its minute order, during a December 1, 2025, status conference in *ACA I*, Plaintiffs announced their intention to file a new case (and indicated that they believed the cases should be deemed related).  *ACA I*, Dkt. 65 at 4:10-13, 11:20-23, 13:10-13.  At the status conference, Defendants questioned whether the cases would in fact be related, given that the cases would challenge separate projects.  *ACA I*, Dkt. 65 at 10:4-20.  And indeed, the two cases do focus on challenges to separate projects—*ACA I* challenges the Park Service's adoption of a 2023 Free-Ranging Cat Management Plan ("2023 Plan"), whereas *ACA II* challenges a separate and unrelated construction project to stabilize cliffs at El Morro (the "Cliff Stabilization Project").  Nonetheless, Defendants were not aware at the time of the status conference that Plaintiffs would be including in their new case a claim identical to that in their existing case, *ACA I*, namely, a claim challenging the United States' ownership of and/or authority over the exact same property at the Park.  Given the existence of these identical claims, Defendants believe that the cases may properly be deemed related.

## STANDARD OF REVIEW

"The general rule governing all new cases filed in this courthouse is that they are to be randomly assigned." *Tripp v. Exec. Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000).

This rule exists for many reasons, including to "ensure greater public confidence in the integrity of the judicial process." *Id.* Yet, "in the interest of judicial economy," Local Civil Rule 40.5 creates an exception for "related cases." *Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016). The "related case rule," establishes an exception that "rests primarily on considerations of judicial economy" and aims to prevent the inefficiency inherent in having two judges "handling cases that are so related that they involve common factual issues or grow out of the same event or transaction." *Tripp*, 196 F.R.D. at 202; L. Civ. R. 40.5.

Under Local Civil Rule 40.5, civil cases "are deemed related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction or (iv) involve the validity or infringement of the same patent." L. Civ. R. 40.5(a)(3). When just one of the four factors of the latter test is met, "the interests of judicial economy … outweigh the fundamental interests served by the random assignment rule." *Singh v. McConville*, 187 F. Supp. 3d 152, 155 (D.D.C. 2016) (citation omitted).

Local Civil Rule 40.5(b)(3) directs that the parties "shall notify the Clerk of the existence of related cases," "[w]henever an attorney for a party in a civil … action becomes aware of the existence of a related case or cases." L. Civ. R. 40.5(b)(3). The party noticing the "related-case designation bears the burden of showing that the cases are related under Local Civil Rule 40.5." *Singh*, 187 F. Supp. 3d at 155. The judge to whom a case is assigned resolves any objection to a related-case designation. L. Civ. R. 40.5(c)(3).

## ARGUMENT

The United States filed its notice of related case because both cases raise an identical claim, demonstrating that they address both common property, and because they raise common

issues of fact.  Specifically, both *ACA I* and *ACA II* relate to common property not only because they both concern the Park, but because in both cases, Plaintiffs specifically allege that the United States does not own or have authority over specific portions of the Park managed by the Park Service, namely potions outside of the "fortress walls," which portions include the Paseo. Indeed, in the operative complaints in all three cases, Plaintiffs identify fourteen separate factual allegations as the basis for their contention that the United States does not own the relevant portions of the Park.  *ACA I*, Dkt. No. 54 ¶¶ 60-74, 146-147, 149; *SAG* Dkt. No. 1 ¶¶ 60-74, 146-147, 149; *ACA II*, Dkt. No. 1 ¶¶ 70-84, 196, 199.  In all three operative complaints, Plaintiffs also include similar causes of action, asking the Court to find that the relevant Federal Defendants lack "the authority to regulate the Paseo as [the Paseo] is outside the boundaries of the San Juan National Historic Site," *ACA I*, Dkt. No. 54 at p. 49 (Prayer for Relief ¶ A); *SAG*, Dkt. No. 1 at p. 48 (Prayer for Relief ¶ A); *see also ACA II*, Dkt. No. 1 ¶ 196 and at p. 52 (Prayer for Relief ¶ A).

Under these circumstances, Plaintiffs' operative complaints in both cases indisputably address common property, and common facts (namely those giving rise to Plaintiffs' contention that the subject property is not owned or subject to regulation by the United States).  Therefore, judicial economy would be furthered by having one judge address the facts underlying Plaintiffs' claim.  *See Autumn Journey Hospice, Inc. v. Sebelius*, 753 F.Supp.2d 135, 140-141 (D.D.C. 2010); *cf. J&K Prods., LLC v. Small Bus. Admin.*, 589 F. Supp. 3d 95, 99 (D.D.C. 2022) (finding that case was not related as addressing common property when, inter alia, the cases did not present "a situation where a decision by one judge concerning a single piece of property might alter the factual background that a different judge must examine to issue a decision concerning that same property.")  Indeed, cases can be related even if they involve different events or raise non-overlapping issues.  *See, e.g., Collins v. Pension Ben. Guar. Corp.*, 126 F.R.D. 3, 7 (D.D.C.

1989); *United States v. Smith*, No. 90-023501(RCL), 1990 WL 91611, at *1 (D.D.C. June 19, 1990). And because the rule only requires common issues of fact, cases can be related even if they involve different parties or challenge different misconduct. *See, e.g. Medford v. Dist. of Columbia*, 691 F. Supp. 1473, 1476 (D.D.C. 1988); *Singh*, 187 F. Supp. 3d at 155. Here, in fact, the factual issues for one claim in each of Plaintiffs' lawsuits are identical. Moreover, while not strictly a factor under Local Civil Rule 40.5(a)(3), there are obvious advantages to having a single judge decide the ultimate question—namely whether the United States owns the property in question—rather than two judges, creating a risk for potential inconsistent determinations.

To be clear, Defendants did not file their Notice of Related Case for any reason other than their assessment—given the existence of two identical causes of action in the two cases—that it was necessary to do so to comply with the Local Civil Rules of this Court. Indeed, Local Civil Rule 40.5(b)(3) directs that the parties "*shall* notify the Clerk of the existence of related cases…[w]henever an attorney for a party in a civil … action becomes aware of the existence of a related case or cases." (emphasis added). Defendants were, in fact, surprised that Plaintiffs did not themselves identify *ACA I* as a related case—particularly in light of their prior indications before this Court (and indeed, their characterizations of the cases as "related" throughout the *ACA II* Complaint[2]) *see, e.g. ACA II* Dkt. No. 1, ¶¶ 8-11, 124, 127, 131, 141, 178, 181. Moreover, Defendants likely would not have taken the position that the cases were related if they did not include nearly identical claims challenging the United States' ownership of the exact same property. However, the cases do, and under these circumstances, Defendants believe that

---

[2] Plaintiffs use the term "Related Litigation" throughout their complaint but confusingly provide that they "do not believe that the identified Related Litigation meets this District's definition of a 'related case' under LCvR. 40.5," without providing an explanation for their position. *ACA II*, Dkt No. 1 at 4 n.2.

the cases are properly deemed related for purposes of Local Civil Rule 40.5(b)(3). *See*

*Assiniboine & Sioux Tribe of Fort Peck Indian Reservation v. Norton*, 211 F. Supp. 2d 157, 160

(D.D.C. 2002) ("[A]lthough differences may exist between the [two cases], there are clearly

issues of fact that are common to both cases that are sufficient to [treat them as related].").

## CONCLUSION

For the foregoing reasons, Defendants believe that this consolidated case and Case No.

1:25-cv-4269-CKK are properly deemed related cases.

Respectfully submitted this 2nd day of JANUARY 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
Environment & Natural Resources Division

 */s/ Romney S. Philpott*
ALEXA V. PENALOSA (AZ 038005)
Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
150 M Street NE
Washington, D.C. 20002
Phone: (202) 305-0492
Email: alexa.penalosa@usdoj.gov

ROMNEY S. PHILPOTT (Colo. # 35112)
Senior Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
999 18th Street, 6th Floor—Suite 600
Denver, CO 80305
Phone: (202) 532-5077
Email: romney.philpott@usdoj.gov

*Attorneys for Federal Defendants*