**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

ALLEY CAT ALLIES INCORPORATED,

    Plaintiff, and

SAVE-A-GATO, INC.,

    Consolidated Plaintiff,

    v.

UNITED STATES NATIONAL PARK
SERVICE, *et al.*,

    Defendants.

Lead Case No. 1:24-cv-876-RDM
(consolidated Case No. 1:25-cv-1873-RDM)

## PLAINTIFFS' RESPONSE TO DEFENDANTS' BRIEF IN SUPPORT OF RELATED CASE DESIGNATION

Pursuant to this Court's December 27, 2025 Minute Order, Plaintiffs, Plaintiff Alley Cat Allies Incorporated ("ACA") (Case No. 1:24-cv-876) and Plaintiff Save-A-Gato, Inc. ("SAG") (Case No. 1:25-cv-1873) respectfully submit this Response to Defendants' Brief in Support of Related Case Designation (ECF No. 66). As set for the below, Plaintiffs: (1) do not believe the two cases meet the District's strict requirements for relation under LCvR 40.5; (2) regardless, Plaintiffs have no objection to the Court relating and consolidating the cases for purposes of judicial efficiency and economy; and (3) respectfully request that the Court act promptly in either regard so that Plaintiffs' pending Motion for Preliminary Injunction in *Alley Cat Allies Incorporated, et al. v. United States National Park Service et al.*, No. 25-cv-4269 (D.D.C. Dec. 8, 2025), ECF No. 8 can be set for hearing as soon as practicable.[1]

---

[1] Defendants' response to Plaintiffs Motion for Preliminary Injunction is currently due January 9, 2026. Plaintiffs and Defendants conferred previously and indicated to the Court in *Alley Cat Allies Incorporated, et al. v. United States National Park Service et al.*, No. 25-cv-4269 (D.D.C. Dec. 8, 2025) that they are available for a hearing the week of January 12-16, 2026. *See* ECF No. 9 at ¶ 9. Plaintiffs are also available the week of January 20, 2026.

**PLAINTIFFS' POSITION**

After the prior December 1, 2025 status conference with this Court during which Plaintiffs informed the Court of the new (and potentially related) action now filed in *Alley Cat Allies Incorporated, et al. v. United States National Park Service et al.*, No. 25-cv-4269 (D.D.C. Dec. 8, 2025), Plaintiffs reviewed LCvR 40.5 and District precedent in order to make a determination on whether their new action would be related to the instant action. Plaintiffs came to the conclusion that the two cases did not meet the definition of a related case under LCvR 40.5. *See* No. 25-cv-4269, ECF No. 1, Compl. at p.4 n. 2 ("Plaintiffs do not believe that the identified Related Litigation meets this District's definition of a "related case" under LCvR. 40.5.")

The cases do have one claim with common elements – the First Claim for Relief in both operative complaints which claims that Defendants lack authority of the Paseo del Morro Trail ("Paseo") because it is outside of the boundaries of the San Juan National Historic site. However, for those claims, a different action is being challenged in each case. In the instant case, Plaintiffs are challenging Defendants authority to implement a plan to remove community cats from the Paseo (the "2023 Plan") developed under a National Environmental Policy Act ("NEPA") analysis. In the newly filed case, Plaintiffs are challenging Defendants authority to close a portion of the Paseo under a separate project for the fortress walls and cliffside (the "Cliff Project"), which was developed under a different NEPA analysis.

Thus, while the similar claim has some overlapping elements, they will involve different facts and underlying transactions. *See J&K Prods., LLC v. Small Bus. Admin.,* 589 F. Supp. 3d 95, 98 (D.D.C. 2022) ("[C]ases are related when they involve common issues of *fact*—not common issues of *law*" (emphasis in original)). Further, while they both involve the Paseo, a common property, the remedy under both cases would be a vacatur of Defendants' actions and not

2

necessarily a conflicting judgment that could impair the other action. *See id.* at 99 (Finding that potentially related cases involving common property did not expose a party to "double or multiple liability" where claims were brought under the Administrative Procedure Act and the "the proper remedy" was remand or vacatur.).

Further, all other claims remain distinct between the actions, and do not share issues of common property, common issues of fact, or grow out of the same event or transaction. To that end, Plaintiffs determined that the cases did not meet the definition of a related case in LCvR 40.5(a)(3).

**CONCLUSION**

For the reasons set forth above, Plaintiffs do not believe the cases meet this District's strict test for relation under LCvR 40.5. However, Plaintiffs have no objection to the Court finding the cases related and consolidating them, and believe that the same considerations of judicial efficiency and convenience that weighed in favor of consolidating *Save-A-Gato Inc. v. United States National Park Service, et al.,* No. 1:25-cv-1873 (D.D.C. June 13, 2025) with this case also weigh in favor of consolidation here.

Plaintiffs respectfully request that the Court act promptly on this matter so that the cases are either consolidated, or proceed separately, in order that Plaintiffs' pending Motion for Preliminary Injunction filed in *Alley Cat Allies Incorporated, et al. v. United States National Park Service et al.*, No. 25-cv-4269 (D.D.C. Dec. 8, 2025), ECF No. 8, can be set for hearing during the weeks of January 12-16 or 20-23, 2026. This is necessary in order to have Plaintiffs' Motion for Preliminary Injunction determined prior to Defendants' pending plan to close a portion of the Paseo to Plaintiffs is initiated on July 26, 2026. As detailed in Plaintiffs' pending Motion for Preliminary Injunction, Plaintiffs' longstanding administration of a trap-neuter-return ("TNR") program at the

Paseo will be irreparably injured if Defendants are permitted to move forward with their planned closure of a portion of the Paseo on January 26, 2026.

Respectfully submitted this 2nd day of January 2026.

/s/ Paul M. Seby
Paul M. Seby (DC Bar No. CO000129)
Matthew K. Tieslau (DC Bar No. CO00130)
Greenberg Traurig, LLP
1144 15th Street, Suite 3300
Denver, CO 80202
(303) 572-6500 telephone
(303) 572-6540 facsimile
sebyp@gtlaw.com
tieslaum@gtlaw.com

Eduardo S. Garcia, Esq.
(DC Bar No. 1028040)
STEIN SPERLING BENNETT
DE JONG DRISCOLL PC
1101 Wootton Parkway, Suite 700
Rockville, Maryland 20852
(301) 340-2020 (phone)
(301) 354-8326 (facsimile)
egarcia@steinsperling.com

*Attorneys for Plaintiff*
*Alley Cat Allies Incorporated in Case No.*
*24-cv-876 (D.D.C.)*

s/ Paul M. Seby
Paul M. Seby (DC Bar No. CO000129)
Matthew K. Tieslau (DC Bar No. CO00130)
Greenberg Traurig, LLP
1144 15th Street, Suite 3300
Denver, CO 80202
(303) 572-6500 telephone
(303) 572-6540 facsimile
sebyp@gtlaw.com
tieslaum@gtlaw.com

4

*Attorneys for Plaintiff Save-A-Gato, Inc. in
Case No. 25-cv-1873 (D.D.C.)*

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of January 2026, a true and correct copy of the foregoing document has been filed and served upon all counsel using the Court's E-filing system.

*s/ Paul M. Seby*
Paul M. Seby